Citation Nr: 1222005 
Decision Date: 06/22/12 Archive Date: 07/02/12

DOCKET NO. 08-00 038 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for a right knee disability.

2. Entitlement to service connection for a left knee disability, to include as secondary to a right knee disability.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Elizabeth Jalley, Counsel


INTRODUCTION

The Veteran served on active duty from January 1978 to December 1980. 

The Veteran had a subsequent period of active duty service from February 1987 to July 1988 that was found to be dishonorable, and thus a bar to VA benefits. An August 2005 administrative decision found this period of service to have been dishonorable, however, and thus VA benefits based on this period of service are barred. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from October 2005, April 2006, and November 2007 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The October 2005 and April 2006 rating decisions denied entitlement to service connection for degenerative joint disease of the right knee, while the November 2007 rating decision denied entitlement to service connection for a left knee disability.

In May 2007, the Veteran testified at a personal hearing before a Decision Review Officer (DRO) at his local RO. A transcript of this hearing was prepared and associated with the claims file.

In December 2009, the Veteran testified at a personal hearing before a Veterans Law Judge. A transcript of this hearing was prepared and associated with the claims file.

The Veteran was subsequently notified that the Veterans Law Judge who had conducted the September 2007 hearing was no longer with the Board. The Veteran accepted VA's offer to testify at a new hearing. 38 C.F.R. §§ 20.707, 20.717 (2011). The Veteran testified at a new Board hearing before the undersigned Veterans Law Judge in May 2012. A transcript of this hearing was prepared and associated with the claims file.

This claim was previously remanded by the Board for additional development in April 2010 and February 2012, the latter of which was to give the Veteran the opportunity to testify at a new Board hearing. Following the completion of this development, the case has been returned to the Board for further appellate review.

 The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran has claimed entitlement to service connection for right and left knee disabilities. He contends that his current right knee disability originated during his military service, and that his left disability was incurred secondary to, or was aggravated by, the right knee disability. 

Unfortunately, another remand is required in this case. 

The Board notes that the Veteran has repeatedly asserted that he underwent a right knee surgery during his first period of active duty service. At his May 2012 Board hearing, he reported that he had to have arthroscopic surgery on his right knee in service. His hearing testimony suggests that he may have had the surgery at Darnall Army Hospital at Fort Hood, Texas. It is unclear whether the Veteran was hospitalized at that time. 

The Veteran's service treatment records reflect that he underwent a right knee arthrogram in October 1979, but they do not reflect that he underwent right knee surgery. It is unclear whether the arthrogram is the procedure that the Veteran was referring to when he reported having had surgery in service. 

The Board finds that a remand is required in order to attempt to verify the Veteran's reports of in-service knee surgery. The Veteran should also be requested to provide any additional details regarding the reported right knee surgery, including identifying the facility at which the surgery took place, type of surgery that was performed, and the approximate date of this surgery. If appropriate, the RO/AMC should request any service treatment records from Darnall Army Hospital at Fort Hood, Texas, concerning the Veteran's hospitalization for right knee surgery in 1979 or 1980. 

Furthermore, the Board finds that a remand for a new VA examination is needed before a decision may be made on these claims. While there are already two VA examinations of record, the Board finds that these examinations are inadequate for purposes of deciding the Veteran's claims. The first of these examination reports, from September 2005 notes the Veteran's unverified history of in-service knee surgery and opines that, if the Veteran did have the surgery, the current right knee disability is more likely than not related to service. If the Veteran did not have surgery, then the examiner could not state that the in-service injury caused the current disability without resort to unfounded speculation. 

The second VA examination report of record is a December 2010 report stating that "there is no clear chain of events in the record which link the right knee problems he had in 1979-80 (patellar crepitus, medial laxity, small popliteal cyst on arthrogram) to that [disability] which he currently has." Given the absence of reports of continuing right knee problems in his second period of service or in subsequent medical records, the examiner could not draw a causal relationship between the Veteran's right knee problems in the service and his current right knee osteoarthritis without resort to speculation. 

In Jones v. Shinseki, 23 Vet. App. 382 (2010), the Court noted that an examiner's conclusion that an etiology opinion is not possible without resorting to speculation is a medical conclusion that must be 'based on sufficient facts or data,' and the opinion 'must support its conclusion with an analysis that the Board can consider and weigh' to be adequate. It must be clear that the examiner considered 'all procurable and assembled data.' Moreover, in such cases the examiner should clearly and precisely identify what facts cannot be determined or that the actual cause of the claimed disability cannot be selected from multiple potential causes.

Based on the above, the Board finds that neither of the opinions of record is adequate for the purpose of deciding these claims. While the September 2005 VA examination report does offer a positive etiology opinion if the in-service surgery were verified, it does not adequately discuss why an opinion could not be rendered without resort to speculation in the absence of verification of the in-service surgery. This opinion is inadequate in that it does not discuss the relevance of the remaining evidence of record, to include the service treatment records that clearly document in-service right knee injuries.

The December 2010 VA examination report is inadequate in that purports to be looking for a "clear chain of events in the record which link the right knee problems he had in 1979-80 (patellar crepitus, medial laxity, small popliteal cyst on arthrogram) to that [disability] which he currently has." The examiner also cited an absence of reports of continuity of right knee problems during and after the second period of active service in concluding that a link could not be made between the in-service right knee problems and the current right knee disability without resort to speculation. The first of these statements, requiring a "clear chain of events" to connect the Veteran's right knee disability to service, appears to present a higher burden of proof than is required by VA's "at least as likely as not" standard. It is not clear that the examiner actually applied the "at least as likely as not" standard in concluding that a link could not be made between the in-service knee problems and the current disability without resort to speculation. 

Given the above, the Board finds that a new VA examination and etiology opinion are required on remand. 

Finally, to the extent that the Veteran's left knee disability is contended to have developed or been aggravated by his right knee disability, the Board finds the claim of entitlement to service connection for a left knee disability to be inextricably intertwined with the right knee claim being remanded herein; adjudication of the right knee claim may affect the merits and outcome of the left knee claim. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). Thus, the Veteran's claim of entitlement to service connection for a right knee disability must be fully adjudicated and developed by the RO/AMC before the Board can render a final decision regarding his left knee disability claim. The Board further observes that an opinion with respect to the secondary theory of service connection may be needed.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he provide additional details regarding his reported in-service right knee surgery, including identifying the facility at which the surgery took place, the type of surgery that was performed, and the approximate date of this surgery. The Veteran should specifically be asked whether his reported surgery occurred at the Darnall Army Hospital at Fort Hood, Texas, and whether it resulted in hospitalization.

The Veteran should be asked to notify VA of any outstanding VA medical records, and to sign and return release forms authorizing VA to obtain relevant outstanding private medical records. The Veteran should also be notified that he may submit these records himself. 

The notification requirements of 38 C.F.R. § 3.159(c) should be followed, and all efforts to obtain these records should be recorded in the claims folder.

If indicated, the RO/AMC should attempt to obtain hospitalization records from Darnall Army Hospital at Fort Hood, Texas, from 1979 and 1980. If such efforts prove unsuccessful, documentation to that effect should be added to the claims file.

2. Following the above, arrange for the Veteran to undergo a VA examination to determine the nature and etiology of any current right and left knee disabilities. The claims folders must be thoroughly reviewed by the examiner in connection with the examination, and a complete history should be elicited directly from the Veteran. In particular, the Veteran should be asked for relevant details of (1) in-service and post-service knee-related complaints; (2) in-service and post-service knee treatments or surgeries; and (3) in-service and post-service employment history. Any tests and studies deemed necessary should be conducted. All findings should be reported in detail. 

The examiner should identify any pertinent right and left knee pathology found and should diagnose any current right and left knee disabilities. As to any such disability identified on examination, the VA examiner should express an opinion as to whether it is at least as likely as not (50 percent probability or more) that any such disability was incurred or aggravated as a result of the Veteran's military service, and whether it is at least as likely as not (50 percent probability or more) that any left knee disability was caused or aggravated by a diagnosed right knee disability.
 
Any opinion expressed must be accompanied by a complete rationale.

3. After the development requested above has been completed, again review the record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).